## STATE v. WALLACE E. FOSTER.

(Filed 20 September, 1961.)

**Criminal Law §§ 121, 173—**

Where it appears on appeal from judgment in a post conviction hearing that the indictment was fatally defective as to one of the offenses of which defendant was convicted, but that the petition under the Post Conviction Hearing Act was filed more than five years after the conviction, the Supreme Court may arrest the judgment on the defective count *ex mero motu,* the defendant and the State being before the Court.

On *Certiorari* to review an order of *Huskins, J.,* entered in the above-entitled action in the Superior Court of MECKLENBURG County on June 13, 1961.

Upon petition of Wallace E. Foster, counsel was appointed for him and a post conviction hearing was held to review his trial and sentences imposed by the Superior Court of Mecklenburg County on September 1, 1953. In case No. 19869 the defendant was convicted on a bill of indictment containing two counts: (1) Breaking and entering for the purpose of committing a felony; and (2) the larceny of office supplies, money and other personal property of the value of more than $100.00, the property of Sterchi Bros. Furniture Store. The trial court entered judgment on the first count "that the defendant be confined in the State Prison at hard labor for not less than Eight (8) nor more than Ten (10) years. On the count charging Larceny of goods of the value of more than $100.00 from Sterchi Bros. Furniture Store the judgment of the Court is that the defendant be confined in the State Prison at hard labor for not less than Seven (7) nor more than Nine (9) years. This prison sentence to begin at the expiration of the prison sentence pronounced in the breaking and entering count and it is to be served in addition thereto."

The defendant's petition for the Post Conviction Hearing was served

on the Solicitor for the State who filed. a motion to dismiss on the ground the petition was filed more than five years after the conviction. Judge Huskins made detailed findings of fact and concluded: "2. It is the conclusion of this Court that the bill of indictment does not sufficiently charge the crime of larceny for that it does not adequately describe property allegedly stolen by the defendant." (Citing *State v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *State v. Scott,* 237 N.C. 432, 75 S.E. 2d 154) "In the foregoing respects, and to the extent indicated, the court is of the opinion that there was a substantial deprivation of defendant's constitutional rights in the original proceedings which resulted in his conviction on the larceny count for which he received a sentence of not less than seven (7) nor more than nine (9) years to commence at the expiration of the sentence pronounced on the breaking and entering count. . . . That more than five years have elapsed after rendition of final judgment on September 1, 1953. . . . IT IS THEREUPON CONSIDERED, ORDERED AND ADJUDGED That defendant's petition be dismissed. . . ."

The prisoner filed petition for *certiorari* which this Court allowed. The Attorney General filed an answer thereto, reciting the prisoner's three convictions for escape while serving the sentence on the house breaking count. If the larceny count here being reviewed is vacated, the prisoner's sentences will not expire until December 1, 1961. The answer of the Attorney General States: "Procedurally, the petitioner probably would be entitled to release on *Habeas Corpus* if and when the Prison Department should attempt to keep the petitioner in confinement pursuant to the sentence herein contested. If the Court so chooses, perhaps it could arrest judgment as to this contested sentence *ex mero motu.*"

*T. W. Bruton, Attorney General, Harry W. McGalliard, Asst. Attorney General, for the State.*
*John H. Hasty, for petitioner.*

PER CURIAM. Presented here for review is the order dismissing the proceeding upon the ground the petition for review was filed more than five years after conviction. Nevertheless the Court, at the hearing, made extensive findings and concluded that the sentence on the larceny count was unlawful in that the count failed to charge a criminal offense. The Attorney General, with his usual frankness, concedes the sentence on the larceny count cannot be sustained if raised by *Habeas Corpus.* The prisoner, by his petition, and the State, by the Attorney General's answer, are now before us. In this state of the record we may treat the judgment on the larceny count as challenged because it

is not grounded upon a valid indictment. The challenge must be sustained. For that reason, the judgment is arrested. The result of this decision is to strike the seven (7) to nine (9) years' sentence, leaving the sentences for escape to begin at the end of the sentence of eight (8) to ten (10) years on the breaking and entering count.

Judgment Arrested.